# IN THE DISTRICT COURT OF THE UNITED STATES
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# 1:15 CR 85-2

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Vs. ) | ORDER |
| ) | |
| KELSIE MARIE BURCH. ) | |
| ) | |
| _____ ) | |

**THIS CAUSE** came on to be heard and was heard before the undersigned pursuant to a Motion for Bond Modification (#120) filed by Defendant's attorney. It appeared to the Court at the call of this matter on for hearing the Defendant was present with her attorney and the Government was present and represented through AUSA Tom Ascik. From the arguments of counsel for Defendant and the arguments of the Assistant United States Attorney and the records in this cause, the Court makes the following findings:

**Findings.** The Defendant was charged in a bill of indictment (#3) with conspiracy to distribute methamphetamine and two counts of distribution of methamphetamine. After an arraignment hearing was held in regard to the Defendant, Defendant requested that the Court enter an order continuing the detention hearing of Defendant until a later date. The Court granted such motion. (#91) On September 30, 2015, Defendant filed her Motion for Bond Modification

1

requesting a detention hearing. This matter was brought before the undersigned for hearing on October 7, 2015 and at that time the hearing of Defendant's request was continued due to the fact there were charges pending against Defendant in state court and if the undersigned released Defendant on terms and conditions of release the United States Marshal would have to release Defendant into the custody of state officials. The matter was then set again for hearing for October 21, 2015.

**Discussion.** 18 U.S.C. § 3142(e)(3)(A) provides:

> **Subject to rebuttable by the person**, it shall be presumed that no condition or combination of conditions would reasonably assure the appearance of the person as required and the safety of the community, if the judicial officer finds there is probable cause to believe that the person committed an offense for which a maximum term of imprisonment of ten years or more as prescribed in the Controlled Substances Act.

The Defendant is charged with such an offense.

In considering whether or not the presumption of detention has been rebutted, the undersigned has considered all the factors as set forth under 18 U.S.C. § 3142(g):

> **18 U.S.C. § 3142(g)** provides as follows:
>
> **(g) Factors to be considered.--**The judicial officer shall, in determining whether there are conditions of release that will reasonably assure the appearance of the person as required and the safety of any other person and the community, take into account the available information concerning--
>
> **(1)** The nature and circumstances of the offense charged, including whether the offense is a crime of violence, a violation of section 1591, a Federal crime of terrorism, or involves a minor victim or a controlled substance,

firearm, explosive, or destructive device;

**(2)** the weight of the evidence against the person;

**(3)** the history and characteristics of the person, including--

**(A)** the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and

**(B)** whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and

**(4)** the nature and seriousness of the danger to any person or the community that would be posed by the person's release.

In considering those factors, the undersigned finds that the nature and circumstance of the offense charged do involve a controlled substance, that being the sell and distribution of methamphetamine. The undersigned finds that the weight of the evidence against the person is at the level of probable cause. It appears that Defendant is in good physical condition and is in questionable mental condition. Defendant has family ties and a long length of residence in the community. She has not had employment since June 2009. Defendant has a history of using controlled substances and, in fact, used cannabinoids and methamphetamine approximately four hours before she was interviewed by the United States Probation Office. Defendant has the following criminal history:

| Date | County | Offense | Conviction |
| --- | --- | --- | --- |

| | | | |
|---|---|---|---|
| 5/1/09 | Jackson | Simple assault | 11/17/09 |
| 9/15/09 | Jackson | Misdemeanor breaking & entering, felony larceny | 11/17/09 |
| 1/14/10 | Macon | Allowing unlicensed minor to drive | 2/16/10 |
| 5/30/11 | Macon | Misdemeanor resisting an officer | 9/22/11 |
| 5/31/12 | Jackson | Possession of drug paraphernalia | 9/25/12 |
| 6/18/12 | Jackson | Misdemeanor possession of stolen property | 7/9/13 |
| 4/11/13 | Haywood | Larceny | 7/10/13 |
| 10/10/13 | Jackson | Felony breaking & entering, felony larceny | 1/16/15 |

Defendant's record concerning appearance at court proceedings shows she failed to appear in regard to charges of obtaining property by false pretense and misdemeanor possession of stolen property that arose out of an incident of June 18, 2012. At the time of her arrest it appears Defendant was on other release pending trial of charges that were made on March 20, 2015 in Jackson County, NC for felony possession of a schedule II controlled substance and misdemeanor possession of drug paraphernalia. The nature and seriousness of the danger to any person or the community that would be posed by the person's release indicate by clear and convincing evidence that the release of Defendant would create a risk of harm or danger to any other person or the community. Defendant has multiple felony convictions and has pending charges for possession of a controlled substance. If the undersigned released Defendant to attend drug treatment, Defendant would have to be taken into custody by state officials and Defendant would not receive the treatment. The trial in this matter is scheduled for the January 4, 2016 term of the District Court. There is not sufficient time for Defendant to resolve her state matters and to attend an inpatient drug treatment program prior to January 4, 2016.

As a result of the foregoing, the undersigned finds that the presumption of detention has not been rebutted and the undersigned will enter an order detaining Defendant.

**ORDER**

**IT IS, THEREFORE, ORDERED**, that Motion for Bond Modification (#120) is **DENIED** and Defendant be detained pending further proceedings in this matter.

Signed: October 27, 2015

Dennis L. Howell
United States Magistrate Judge